JS-6

FILED
CLERK, U.S. DISTRICT COURT

April 2, 2018

CENTRAL DISTRICT OF CALIFORNIA
BY: ___VPC___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN PABLO CHAVEZ,<br><br>           Plaintiff,<br>v.<br><br>BERTELSMANN SE & CO. KGaA, *et al.*,<br><br>           Defendants. | No. CV 18-2000 SJO (FFM)<br><br>ORDER DISMISSING ACTION AS DUPLICATIVE OF *JUAN PABLO CHAVEZ v. BERTELSMANN SE & CO. KGaA,* et al., CV 18-375 SJO (FFM) |

      On January 16, 2018, plaintiff, who proceeds *pro se*, filed a complaint (the "Complaint") in the United States District Court for the Southern District of New York. (Docket No. 2.) Plaintiff alleges numerous violations of federal intellectual property law. (*Id.*) On February 28, 2018, the presiding judge ordered that the action be transferred on venue grounds to the United States District Court for the Central District of California. (Docket No. 3.) The Central District of California received the action on March 9, 2018. (Docket No. 5.)

      By all appearances, the Complaint is a word-for-word duplicate of the complaint plaintiff filed in *Juan Pablo Chavez v. Bertelsmann SE & Co. KGaA*, et al., CV 18-375 SJO (FFM) (the "375 Action"), on January 16, 2018 in the Central District of California. (*See id.*, Docket No. 1.) "District courts retain broad discretion to control their dockets

and [i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (internal quotation marks omitted), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008). After weighing the equities of the case, a district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions. *Adams*, 487 F.3d at 688; *see also Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] federal suit may be dismissed for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court" (internal quotation marks omitted)).

Plaintiffs generally have no right to maintain two separate actions "'involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams*, 487 F.3d at 688 (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)). Where the actions have the same "transactional nucleus of facts," a judgment in the later-filed action would destroy or impair rights and interest established by the judgment in the first action. *Adams*, 487 F.3d at 689-91. In addition, judicial economy is not served where there are duplicative suits contemporaneously pending on a district court's docket. *Id.* at 692; *see Serlin*, 3 F.3d at 224.

Here, the instant action and the 375 Action are identical in every fashion, from the parties to the alleged facts and legal claims. Furthermore, as they were filed on the same day in different district courts, it appears that plaintiff was attempting a sort of forum-shopping. The Court therefore concludes that dismissal of the instant action, rather than a stay, injunction, or consolidation, is warranted. *See Adams*, 487 F.3d at 692-94 (upholding dismissal of later-filed action where later-filed action involved same operative facts, similar claims, and same defendants, and privities thereof, as first action); *Serlin*, 3 F.3d at 224 (finding that no special factors weighed against dismissal of duplicative later-

filed action; plaintiff's limitations period concerns resulted from his own failure to follow procedural rules).

**ORDER**

For the foregoing reasons, the Court dismisses this action without prejudice.

DATED: April 2, 2018

*S. James Otero*

_____
S. JAMES OTERO
United States District Judge

Presented by:

_____
FREDERICK F. MUMM
United States Magistrate Judge